HOMER J FRISBY JR ET AL                     CASE NO.  1:19-CV-00076

VERSUS                                       JUDGE DEE D. DRELL

SHANDONG ANCHI TYRES CO LTD, ET AL    MAG. JUDGE PEREZ-MONTES

## RULING

Before the court is a motion for summary judgment (Doc. 25) filed by Defendant Universal Tire and Wheel, Inc. d/b/a Tire Universe ("Tire Universe").  For the reasons expressed herein, Defendant's motion is **GRANTED**.

### I.    BACKGROUND

On November 22, 2017, Sheri Frisby and Better Siders were involved in an automobile accident on Interstate 49 near Louisiana Highway 120.  Ms. Frisby was operating the vehicle, a 2008 F250, and Ms. Siders accompanied her as the passenger.  Because of the failure of the front right tire, the truck left the highway and ultimately hit a tree.  As a result of the accident, both Ms. Frisby and Ms. Siders were killed.

Plaintiffs filed the instant suit against the alleged manufacturer of the tire, Shandong Anchi Tyres Co., Ltd. in the Tenth Judicial Court, Natchitoches Parish, Louisiana on February 20, 2018. Nine months later, Plaintiffs amended to name Universal Tire and Wheel d/b/a Tire Universe as a defendant and alleged that it too was a manufacturer of the defective tire.  All claims against the defendants were brought under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.52.

On January 22, 2019, Universal Tire removed the matter to this court and on November 11, 2019, Universal Tire filed the instant motion for summary judgment. Despite a request for an extension of time to file an opposition to the motion for summary judgment, Plaintiffs have not responded.

## II.     LAW AND ANALYSIS

### A. Summary Judgment

Fed. R. Civ. P. 56 provides that any party may move for summary judgment as to one or more claims or defenses. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### B. Louisiana Products Liability Act

The LPLA provides the exclusive theories of liability for manufacturers for damages caused by their products. La. R.S. 9:2800.52. According to the LPLA:

(1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product' means producing, making, fabricating constructing, designing, remanufacturing, reconditioning, or refurbishing a product. "Manufacturer" also means:

   a. A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.

   b. A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.

   c. A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.

   d. A seller of a product of an alien manufacturer if the seller is in business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. The court shall take into consideration the following in determining whether the seller is the alien manufacturer's alter ego: whether the seller is affiliated

with the alien manufacturer by way of common ownership or control; whether the seller assumes or administers product warranty obligations of the alien manufacture; whether the seller prepares or modifies the product for distribution; or any other relevant evidence. A "product of an alien manufacturer" is a product that is manufactured outside of the United States by a manufacturer who is a citizen of another country or who is organized under the laws of another country.

La. R.S. 9:2800.53(1).

Though Plaintiffs allege in their amended complaint that Universal Tire was a manufacturer of the tire under one or more of the LPLA definitions, they have failed to come forward with any evidence of the same. Universal Tire, on the other hand, submitted an affidavit of Florence Abubaker, the co-owner of Universal Tire. Therein, Ms. Abubaker stated Universal Tire has never manufactured tires. Instead, it is a middleman for various tire manufacturers, selling the manufacturers' tires to retailers, not individuals. Ms. Abubaker stated Universal Tire has no knowledge of the retailer who sold the tire at issue and it did not have any knowledge the tire was defective. Further, Universal Tire did not and does not put its name on any tires, represent itself as a manufacturer or make changes or alterations to any tires purchased from manufacturers, including but not limited to Shandong Anchi Tyres Co., Ltd.

Without any evidence submitted by the Plaintiffs to contradict Universal Tire's evidence and establish it fits the definition of a manufacturer under the LPLA, all claims against Universal Tire must be dismissed.

The court will issue a judgment in conformity with these findings.

SIGNED this _9th_ day of March 2020, at Alexandria, Louisiana.


DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT

3